UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CONAN M. JEAN,

    Plaintiff,

vs.  Case No.:

CAVALRY SPV 1, LLC,
and ANDREU, PALMA &
ANDREU, PL,

    Defendants,

_____/

6:14-cv-924-Orl-31GJK

## COMPLAINT and JURY TRIAL DEMAND

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, CONAN M. JEAN, an individual consumer against the Defendants, CAVALRY SPV 1, LLC, a foreign limited liability corporation and ANDREU, PALMA & ANDREU, PL, a Florida limited liability corporation, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, CONAN M. JEAN (hereinafter referred to as "Plaintiff") is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant, CAVALRY SPV I, LLC (hereinafter referred to as "CAVALRY" or collectively as "Defendants") is believed to be a foreign limited liability company registered in the State of Florida operating from an address of 500 Summit Lake Drive, Suite 400, Valhalla, New York, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant, ANDREU, PALMA & ANDREU, PL (hereinafter referred to as " ANDREU, PALMA" or collectively as "Defendants") Florida limited liability company registered in the State of Florida operating from an address of 1000 NW 57th Court, Suite 400, Miami, Florida, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. CAVALRY is vicariously liable for the actions of ANDREU, PALMA.

7. Defendants regularly use the United States Postal Service and telephone in the collection of consumer debt.

8. Defendants regularly collect or attempts to collect debts for other parties. Defendants are a "debt collector" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(6).

9. At all times material to the allegations of this Complaint, Defendants were acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

10. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

(a) Abusive practices
There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
(b) Inadequacy of laws
Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

11. Upon information and belief, it is alleged that Plaintiff incurred a financial obligation through Bank of America for the extension of credit which was primarily for personal, family or household purposes, and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) (hereafter referred to as the "Debt").

12. It is upon information and belief that sometime thereafter, the alleged Debt was assigned, placed, or otherwise transferred to Defendant, CAVALRY.

13. It is upon information and belief that sometime thereafter, the alleged Debt was assigned and/or placed by Defendant, CAVALRY with Defendant, ANDREU, PALMA for the collection of the Debt through the filing of a state court collection lawsuit.

14. On or about May 7, 2014, Defendants caused to be filed a law suit in Polk County, Florida against Plaintiff seeking to collect the alleged Debt as identified above (hereinafter referred to as "the state court suit"). A true copy of the state court suit civil docket report is attached hereto as Exhibit "A".

15. The alleged debt was not based upon an agreement which was executed in Polk County, Florida.

16. Plaintiff does not and has never resided in Polk County, Florida.

17. The causes of action in the debt collection state court suit were time-barred by the applicable statute of limitations.

18. Defendants knew or should have known that the state court suit was time-barred.

19. Plaintiff has incurred legal fees in defending the state court suit.

20. Plaintiff believes that Defendants filed the state court suit in an inconvenient and impermissible county as a ploy to cause Plaintiff undue hardship by forcing Plaintiff to travel to another county and thereby coerce Plaintiff into satisfying a disputed debt. This belief is further corroborated by the fact that within days of Plaintiff filing an Answer dated June 5, 2014 in the state court action, Defendants filed a Notice of Voluntary Dismissal Without Prejudice dated June 9, 2014.

## COUNT I
## LITIGATION IN AN IMPERMISSIBLE COUNTY

21. Plaintiff incorporates Paragraphs 1 through 20.

22. Defendants violated the Fair Debt Collection Practices Act (FDCPA) by filing the state court suit in a county in which Plaintiff did neither reside nor sign an agreement upon which the alleged debt is based. As such, Defendants have collectively violated 15 U.S.C. § 1692i, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.

## COUNT II
## VIOLATION OF THE FDCPA: TIME-BARRED CLAIMS

23. Plaintiff incorporates Paragraphs 1 through 20.

24. Defendants violated 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692e(5) by bringing a time-barred state court suit against Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages, including attorney's fees incurred during the state court suit;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

F.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 11 day of June 2014.

> DICESARE, DAVIDSON & BARKER, P.A.
>
> /s/ 
>
> HAROLD E. BARKER, ESQUIRE
> Florida Bar #0500143
> Post Office Box 7160
> Lakeland, Florida 33807-7160
> Phone (863) 648-5999
> Facsimile (863) 648-4755
> E-Mail: rbarker@ddblaw.com
> (lmatlock@ddblaw.com; sperales@ddblaw.com)
> Attorney for the Plaintiff